UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCELINO CLEMENTE,

        Plaintiff,

   v.

STINSON,

        Defendant.

No. 2:19-cv-789 EFB P

<u>ORDER AND FINDINGS AND RECOMMENDATIONS</u>

Plaintiff is a state prisoner proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983. He seeks leave to proceed in forma pauperis ("application") (ECF No. 4).

Plaintiff's application and prisoner trust fund account statement submitted therewith (ECF No. 6) indicated that plaintiff has – as of May 16, 2019 – an available balance of 7,951.66 dollars. *Id.* at 1. The court has discretion to decide whether to grant IFP status. *See Calif. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"), *rev'd on other grounds*, 506 U.S. 194 (1993). To qualify for IFP status an applicant must show that he "cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Here, plaintiff's basic needs are

provided by the state. And his available funds – amounting to nearly eight-thousand dollars – are more than adequate to cover the filing fee for this action.

Accordingly, it is ORDERED that the Clerk of Court shall randomly assign a United States District Judge to this case.[1]

Additionally, it is RECOMMENDED that plaintiff's application (ECF No. 4) be denied and, within thirty days of any order adopting this recommendation, he be required to pay the 400 dollar filing fee before proceeding with this action and be admonished that failure to comply will result in dismissal of this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 24, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] In *Williams v. King*, the Ninth Circuit held that the consent of all parties, including unserved defendants, was a prerequisite to a magistrate judge's jurisdiction to enter a dispositive decision. 875 F.3d 500 (9th Cir. 2017). Plaintiff has consented (ECF No. 5), but obviously Stinson – who has not yet been served – has not filed a consent. Denial of an in forma pauperis application is a dispositive decision. *See Tripati v. Rison*, 847 F.2d 548 (9th Cir. 1988) ("Under 28 U.S.C. § 636, a United States Magistrate may not enter a final judgment on a motion to proceed in forma pauperis unless the matter has been referred to him or her by the court and the parties consent to have the magistrate decide the motion and enter judgment.").